## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| JAMES BURLEY, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:20-cv-00773 |
| CLIENT SERVICES, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes JAMES BURLEY ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CLIENT SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.   Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

**PARTIES**

4.   Plaintiff is a 61 year old disabled veteran. Plaintiff is a consumer residing within the Western District of Texas.

5.   Defendant is third-party debt Collection Company with its principal office located at 3451 Harry S. Truman Blvd., St. Charles, Missouri.   Defendant regularly collects upon consumers located within the State of Texas.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, third-party contractors, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7.   The instant action stems from Defendant's attempts to collect upon a consumer debt ("subject debt") from Plaintiff.

8.   Around January 2020, Plaintiff began receiving calls to his landline number, (210) XXX-5848, from Defendant.

9.   At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the landline phone number ending in -5848.   Plaintiff is and always has been financially responsible for the landline phone and its services.

10. Defendant has called Plaintiff using various phone numbers, including but not limited to (636) 205-2252, (863) 259-1809, (913) 347-8922, and (613) 205-2232.

2

11. Upon information and belief, the above referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

12. Plaintiff has never had any business relationship with Defendant nor has he ever given it permission to call his cellular phone, so Plaintiff was confused as to why Defendant was contacting him.

13. Upon speaking with Defendant, Plaintiff is informed that it is acting as a debt collector attempting to collect upon a debt purportedly owed by Ameila and Alfredo Lopez, individuals with whom Plaintiff was unfamiliar.

14. Given the nature of Defendant's status as a third party debt collector, it has contacted Plaintiff regarding collection of a consumer debt that was incurred for a personal, household purpose.

15. Accordingly, Plaintiff informed Defendant that it was contacting the wrong party and demanded that Defendant cease contacting him.

16. Despite Plaintiff's demands and the information provided to Defendant, Plaintiff has still received systematic phone calls from Defendant up until the filing of this lawsuit.

17. Despite Defendant lacking permission to call Plaintiff's landline phone, as well as being told that the individuals it was contacting were unknown and to stop calling, Defendant still placed not less than 25 phone calls to Plaintiff's landline phone.

18. Plaintiff has children that are active duty military who often call from various phone numbers while deployed. As such, Plaintiff makes it a habit to try and answer every call he gets. Plaintiff has been in the shower when Defendant called and sustained injury while rushing to answer calls from Defendant that could have been his children.

19. The calls from Defendant have taken a significant toll on Plaintiff. Plaintiff's blood pressure has significantly risen due to the stress and anxiety of calls.

20. Frustrated, confused, and concerned with the nature of Defendant's attempts to collect upon the subject debt, Plaintiff spoke with Sulaiman regarding his rights, resulting in exhausting time and resources.

21. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls intended for unknown individuals, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of his telephone services, loss of telephone capacity, diminished telephone functionality, and decreased battery life on his telephone.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and realleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

25. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Furthermore, Defendant identifies itself as a debt collector and has previously admitted to being a debt collector for the purposes of the FDCPA. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1988.[1]

_____

[1] https://www.acainternational.org/search#memberdirectory

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

### a. Violations of FDCPA §1692c(a)(1) and §1692d

27. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

28. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop and that Plaintiff was not the underlying debtor(s). Defendant called Plaintiff at least 25 times after he demanded that it stop and after becoming aware that Plaintiff was not the party it was seeking.  This repeated behavior of systematically calling Plaintiff's phone in spite of this information was harassing and abusive.  The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

29. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to Plaintiff.

### b. Violations of FDCPA § 1692e

30. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

31. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."   15 U.S.C. §1692e(10).

32. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff that it was calling the wrong person and to stop contacting him. Nevertheless, Defendant called Plaintiff at least 25 times in a deceptive attempt to force Plaintiff to respond and ultimately make a payment, even though the debt was not his. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him when, not only did Defendant not have consent in the first place, but it was also subsequently told to stop contacting him.

### c.  Violations of FDCPA § 1692f

33. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

34. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff over 25 times to collect from individuals who were not Plaintiff. Defendant repeatedly asked to speak with individuals with whom Plaintiff is unfamiliar. Attempting to coerce Plaintiff into payment by placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person and being told to stop calling is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

WHEREFORE, Plaintiff, JAMES BURLEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a.  Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b.  Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.  Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

37. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

38. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a.  Violations of TDCA § 392.302**

39. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

40. Defendant violated the TDCA when it continued to call Plaintiff's telephone at least 25 times after he notified it to stop calling.  The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by his wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

41. Upon being told to stop calling Plaintiff, Defendant had ample reason to be aware that it should not continue its harassing calling campaign.   Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's telephone knowing that its conduct was unwelcome. Upon information and belief, it was Defendant's goal to extract payment from Plaintiff through its coercive tactics even though he was not the individuals Defendant was looking for.

### b. Violations of TDCA § 392.304

42. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

43. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's telephone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting his telephone absent his consent. Defendant never had consent to call Plaintiff. Furthermore, Plaintiff demanding that Defendant stop calling his telephone, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiff, JAMES BURLEY, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff  punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

    f.   Awarding any other relief as this Honorable Court deems just and appropriate.


Dated: July 2, 2020              Respectfully submitted,

                                 s/ Nathan C. Volheim (Lead Attorney)
                                 Nathan C. Volheim, Esq. #6302103
                                 Counsel for Plaintiff
                                 Admitted in the Western District of Texas
                                 Sulaiman Law Group, Ltd.
                                 2500 South Highland Ave., Suite 200
                                 Lombard, Illinois 60148
                                 (630) 568-3056 (phone)
                                 (630) 575-8188 (fax)
                                 nvolheim@sulaimanlaw.com